IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Joshua Edmonds,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:13cv1167 (AJT/TRJ) |
| Samuel V. Pruett,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM AND OPINION

Joshua Edmonds, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions in the Circuit Court for the City of Fredericksburg, Virginia. On December 18, 2013, respondent filed a Motion to Dismiss and Rule 5 Answer. Edmonds was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on January 13, 2014. Upon careful review, the Court finds that this habeas corpus application must be dismissed because the state courts' decisions were not contrary to or unreasonable applications of federal law.

### I. Background

On January 14, 2009, Edmonds entered an Alford plea of guilty to one count of reproduction of child pornography and pleaded guilty to 25 counts of possession of child pornography. Case Nos. CR08-119 through CR08-1224; Jan. 14, 2009 Tr. 31. The Court sentenced Edmonds to fifty-seven (57) years imprisonment with forty-three (43) years and six months suspended. March 27, 2009 Tr. 103-04. Edmonds pursued a direct appeal arguing that the evidence was insufficient to support his conviction and that his sentences violated the federal constitutional prohibition against cruel and unusual punishment. The Court of Appeals of

Virginia denied his appeal on February 25, 2010. R. No. 0894-09-2. Edmonds sought further review by the Supreme Court of Virginia, but his appeal was refused on February 18, 2011. R. No. 100872.

On or about February 14, 2012, Edmonds filed a petition for a state writ of habeas corpus in the Circuit Court for the City of Fredericksburg, Virginia. In his petition, Edmonds argued that: (1) and (2) he was denied effective assistance of counsel when counsel refused to discuss defenses with petitioner and when she incorrectly advised him that he would not be required to register as a sex offender if he pleaded guilty; and (3) the Commonwealth Attorney coerced him into pleading guilty to production of child pornography by misleading him on the elements of that crime. The court denied the petition on October 23, 2012.

Edmonds appealed to the Supreme Court of Virginia, which refused the appeal on July 18, 2013, finding no reversible error in the circuit court's opinion. R. No. 130183. Edmonds filed the instant application for § 2254 relief on or about September 11, 2013,[1] raising the following claims:

> A. Trial counsel was ineffective in refusing to discuss defenses with Edmonds.
>
> B. Trial counsel was ineffective for incorrectly advising Edmonds that his guilty pleas would not require him to register as a sex offender.

On December 18, 2013, respondent filed a Rule 5 Response and a Motion to Dismiss, along with a supporting brief and exhibits. Petitioner filed a reply on January 13, 2014. Based on the pleadings and record before this Court, it is uncontested that Edmonds exhausted his claims, as required under 28 U.S.C. § 2254. Accordingly, the petition is now ripe for disposition.

---

[1] For federal purposes, a pleading submitted by an incarcerated litigant generally is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case petitioner states he mailed his petition on September 11, 2013.

2

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each of these criteria. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law" or if the state court decision is different from the decision of the Supreme Court "on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

### IV. Analysis

In both of petitioner's claims, he asserts that he received ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct

3

falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Carrier, 477 U.S. at 494 (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice.

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in

the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000). In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In claim A, Edmonds asserts that his attorney was ineffective for refusing to discuss a defense strategy with him. Pet. 8. Specifically, he claims that his counsel "continuously pushed a plea-agreement" and "demanded that he enter[] into a plea-bargain . . . as that [was] his best option." Id. Edmonds goes on to argue that his counsel's ineffectiveness meets the Strickland standard because she "refused to utilize several family and friends that Edmonds had available to provide assistance to counsel." Id. at 9. Edmonds argues his counsel's allegedly deficient performance prejudiced him by denying him his right to:

> (1) properly confront the witnesses against him, (2) challenge the allegations against him, (3) force the Commonwealth to prove the actual reproduction and possession of child pornography, and (4) denied him his right to free choice in whether he wanted to pursue a trial by jury or plea bargain.

Id. at 9-10.

In claim B, petitioner argues that he was denied effective assistance of counsel when

counsel incorrectly advised him that if he pleaded guilty, he would not have to register as a sex offender. Id. at 10. Specifically, trial counsel allegedly admitted to misinterpreting Virginia Code § 9.1-902 as not applying to Edmonds, if he accepted the plea bargain. Id. Edmonds argues that counsel's misinterpretation of the law amounts to ineffective assistance of counsel because his counsel:

> refused to take all the necessary actions to establish on the record that (1) Edmonds understood the process that lead to the offer, (2) the advantages and disadvantages of accepting it, and (3) the sentencing consequences that would ensue once the conviction was entered.

Id. at 12. Further, Edmonds was prejudiced because it "denied him of his right to free choice in whether he wanted to pursue a trial by jury or plea-bargain," left him subject to Court order after the Court accepted his guilty plea, and "requires him to register as a sex offender, after his counsel assured him that he would not be" subject to the registration requirements. Id. at 12.

On state habeas review, the Circuit Court for the City of Fredericksburg rejected these claims as failing to meet both the performance and prejudice prongs of Strickland. Edmonds v. Pruett, R. No. 12000110-00, at 2 (Va. Cir. Ct. Oct. 23, 2012). The Virginia Supreme Court found that:

> petitioner has not shown that his attorney failed to discuss defenses with him. The Court further finds that the petitioner stated under oath that he had had enough time to discuss defenses with his attorney and was entirely satisfied with the services of his lawyer. The Court further finds that the petitioner has failed to show that he was prejudiced by any of the alleged acts or omissions of his attorney. . . . Consequently, the Court rules that that [sic], under the criteria set forth in Strickland v. Washington, 466 U.S. 668 (1984), the petitioner has not shown that his attorney was ineffective and that, therefore, [petitioner's ineffective assistance of counsel claims] should be dismissed.

Id.

Finding no reversible error, the Supreme Court of Virginia refused further review by its July 18, 2013 order. Because the foregoing order was the last reasoned state court decision on the

6

claim at issue, its reasoning is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Because the circuit court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law, Edmonds's petition will be dismissed. At the plea colloquy on January 14, 2009, Edmonds stated under oath that he freely and voluntarily made his own decision to enter an Alford plea of guilty as to the one count of reproducing child pornography and to plead guilty to all twenty-five counts of possession of child pornography, and entered such pleas because he was in fact guilty. Tr. 34-35. Edmonds told the Court that he had discussed the charges and their elements with his attorney, that he understood the charges against him, and that he had discussed any potential defenses that he might have had to the charges. Id. at 33-34. After that discussion, Edmonds stated that by entering his respective pleas he was giving up or waiving his right to a jury trial, his right to confront and cross-examine the witnesses that would have appeared to testify against him, and his right to defend himself at trial. Id. at 36-37. Edmonds testified that no one threatened or forced him to plead guilty. Id. at 39. Edmonds then stated under oath that he was entirely satisfied with counsel's services. Id. at 43. Because Edmonds is bound by these statements, Lemaster, 403 F.3d at 221 - 22, and because the voluntariness of the plea has not been successfully challenged, Edmonds cannot now show that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill, 474 U.S. at 59.

In Edmonds's reply to respondent's Motion to Dismiss, he characterizes respondent's motion as "arguing that there is no right to effective assistance of counsel in the negotiation of a plea offer." Pet'r's Traverse 1; docket # 9. Plaintiff argues that he is entitled to an evidentiary hearing and cites Missouri v. Frye as providing the appropriate standard of review. Pet'r's

Traverse 3. Edmonds then argues that respondent's Motion to Dismiss was not a proper response to his petition because it is not an answer. Id. at 4. Lastly, in one line, Edmonds argues that "he was not advised of the requirement to register until well after he pled guilty, thereby, making his guilty plea unintelligent, involuntary, and invalid." Id. at 7.

Edmonds arguments are without merit. A review of respondent's Motion to Dismiss clearly shows that Edmonds's characterization of respondent's arguments is inaccurate. Rather than arguing that there is no right to effective assistance of counsel in the negotiation of a plea offer – as Edmonds claims – respondent properly acknowledges that the Strickland test applies to guilty pleas and correctly states that "[b]ecause the petitioner pled guilty, the measure of prejudice is whether, but for the alleged ineffectiveness he would have pled not guilty and gone to trial." Mot. Dismiss 4. Edmonds argument that he is entitled to an evidentiary hearing is in error because, pursuant to Cullen v. Pinholster, at this juncture Edmonds is not entitled to an evidentiary hearing. __ U.S. __, 131 S.Ct. 1388 (Apr. 4, 2011). Similarly, petitioner's reliance on Missouri v. Frye, __ U.S. __, 132 S.Ct. 1399 (Oct. 31, 2011) is inaccurate in that in Missouri the Court held that defense counsel provided deficient representation when he failed to communicate a formal plea agreement offer to plaintiff before it lapsed. 132 S.Ct. at 1409. As it is uncontested that Edmonds's trial counsel communicated the Commonwealth's plea offer to him, which Edmonds then accepted, Missouri is inapplicable to Edmonds's petition. Edmonds's argument that respondent's Motion to Dismiss is not a proper response to his petition is inaccurate and ignores this Court's October 23, 2013 Order, which directed respondent to show cause why the writ should not be granted, which respondent has now done through filing his motion.

Lastly, Edmonds's conclusory argument that "he was not advised of the requirement to register until well after he pled guilty, thereby, making his guilty plea unintelligent, involuntary,

8

and invalid" fails to rebut the "strong presumption of veracity" that his "open court" declaration carries. See Blackledge, 431 U.S. at 74. Indeed, his one-line argument amounts to nothing more than a "subsequent presentation of conclusory allegations unsupported by specifics," that the Court in Blackledge held was subject to summary dismissal. See id.

This conclusion is supported by the transcript of Edmonds's plea colloquoy, where Edmonds *twice* stated that he understood the charges against him, tr. 10, 33; discussed the elements of each charge with his counsel, tr. 10-11, 34; decided on his own to plead guilty, tr. 11, 34-35; and did so because he was in fact guilty, tr. 12, 35. Edmonds gave this testimony twice because during the Commonwealth's proffer of what the evidence would have shown had his case gone to trial, which occurred half way through Edmonds's plea colloquy, the Commonwealth and Edmonds disagreed that the evidence would have shown that *all* the victims were under thirteen years of age. Tr. 15-17. After proffering photographic evidence taken from Edmonds computer that showed "a three-year old child which showed her vagina and semen all over the child's vagina with an adult male with an erect penis in the frame of the photo," tr. 15, and reviewing other evidence, Edmonds agreed with the Commonwealth's proffer "that the victims that are in the photographs would appear to be under the age of thirteen," tr. 29. The Court then went through a second plea colloquy with Edmonds, where he testified that he was pleading guilty – voluntarily and of his own free will – because, after fully discussing the charges with his attorney, he was in fact guilty and was satisfied with his attorney. Tr. 33-35, 42. As there is no clear and convincing evidence to the contrary, Edmonds is bound by his sworn statements made at trial concerning the voluntariness of the plea and the adequacy of his representation. See Beck, 261 F.3d at 396.

Further, Courts have held that failure of "defense counsel to ascertain and advise of the

9

collateral consequences of a guilty plea . . . is not ineffective assistance of counsel." United States v. Yearwood, 863 F. 2d 6, 8 (4th Cir. 1988). As "sex offender registration is a collateral consequence of a guilty plea," Lesile v. Randle, 296 F.3d 518, 522 (6th Cir. 2002), Edmonds's argument that his counsel was ineffective in failing to correctly inform him that "if he pleaded guilty, he would not have to register as a sex offender," pet. 10, fails as a matter of law. Therefore, under these circumstances, the Circuit Court of Fredericksburg's rejection of Edmonds's ineffective assistance of counsel claims was neither contrary to nor an unreasonable application of the applicable federal law; thus, the same result must pertain here. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 20th day of August 2014.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge